Daniel, J.
 

 The defendants, with force and arms, and with a strong hand, entered upon the premises of one Flynn, and him dispossessed, and took possession of the messuage and appurtenances, and have held them up to this time. The defendants insisted that their entry was
 
 lawful;
 
 and they introduced, as evidence on the trial, the proceedings which had taken place on a warrant for a forcible entry and detainer, which had before that time been issued by Evans (a Justice) at the instance of An-ders ; all of which, is stated in the case.
 

 The Judge was of opinion, that Evans, the Justice, had no power to restore Anders, by force of those proceedings, because, if all other things had been correctly done, the
 
 *18
 
 jury by tbeir verdict had not found that Anders had any
 
 estate,
 
 either of freehold, or for a term of years in the land. We concur with his Honor; the very question was decided by this Court in
 
 Mitchell
 
 v.
 
 Fleming,
 
 8 Ired. 123. In that case we said, that before a writ of restitution can be awarded, the jury must find by their verdict, that the party, forcibly dispossessed, had either a freehold, or a term for years in the land, of the possession of which he had been deprived. In the case of the
 
 State
 
 v.
 
 Nations,
 
 1 Ired. 325, this Court held the same doctrine.
 

 But it is insisted, that the Justice, (although he personally assisted Anders in gaining possession, in the manner described in the indictment) is not liable in law to be indicted, because he acted under iguorance of the law, or error in judgment. The justice had power to enquire, whether Flynn had made a forcible entry upon the possession of Anders, and, if the evidence satisfied him that the fact was so, he might have bound him over to Court, to have been indicted for a forcible entry. This course he did not pursue, but he forcibly dispossessed Flynn, and put Anders into possession. This was not an error in judgment; it was an act the statutes gave the Justice no power or authority to do ; his action in the matter was not voidable, but was absolutely void, and tortious. Without the finding by the jury of an estate for years, at least, in Anders, the Justice had jurisdiction to bind the offender to answer personally for the offence of forcible entry. But without such finding he had no jurisdiction to oust Flynn of his possession, and put Anders in. It is, therefore, not a case of error of judgment of a judicial officer, upon a matter within his jurisdiction, but of usurpation of power, beyond his jurisdiction.
 

 We think the judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.